Janice K. BLIM, Appellee,

v.

NEWBURY INDUSTRIES, INC.,
Appellant.

No. 567-70.

United States Court of Appeals,
Tenth Circuit.

June 22, 1971.

Donald Patterson, of Fisher, Patterson, Sayler & Smith, Topeka, Kan., for appellee.

Ernest J. Rice and Arthur E. Palmer, of Goodell, Casey, Briman, Rice & Cogswell, Topeka, Kan., for appellant.

Before BREITENSTEIN, ALDISERT * and McWILLIAMS, Circuit Judges.

ALDISERT, Circuit Judge.

This appeal by a machinery maufacturer from a jury verdict in favor of an injured factory worker presents questions of sufficiency of evidence and alleged errors in the court's charge.

Plaintiff-appellee sustained serious hand injuries on her first day of employment in a Kansas manufacturing plant when a co-worker caused a manually-operated plastic injector press to close upon her hand. She brought a di-

versity action in negligence and breach of warranty alleging defective manufacture against appellant who designed, manufactured, and sold the press. Evidence was adduced at trial tending to show that within the press there were mechanical malfunctions which interfered with the proper operation of its safety features.

The press was utilized to mold plastic industrial components by means of a form consisting of two platens. One of these was in a fixed position; the other was designed to move laterally when activated by a lever. Plaintiff was injured when her hand was caught between the two platens after her co-employee operated the lever.

An inspection of the equipment shortly after the accident revealed a loose bolt on the plaintiff's side of the press. This bolt was designed to activate a valve which was part of a hydraulic interlocking system which, in turn, operated mechanical drop bars. These bars were to serve as a safeguard to prevent injuries to the hands of operators as they inserted and removed material inside the press. When functioning properly, the bars dropped into position upon the opening of the side door by the operator, thus preventing the lateral action of the movable platen.

Previous to the date of the accident, the drop bars had been removed from the press by plaintiff's employer, who testified that the press could not operate properly with the bars in place because the hydraulic system and the bars were out of synchronization.

It was plaintiff's theory that this malfunction was caused by the loose bolt, resulting from the manufacturer's failure to fasten it with a lock washer. A companion bolt which activated a similar hydraulic valve on the other side of the press was so secured.

Thus, framed for the jury was the issue: did plaintiff's injuries result from the defective manufacture of the product

* Of the Third Circuit, Sitting by Designation.

or were the injuries caused by a new and independent intervening cause—the removal of the mechanical drop bars by plaintiff's employer?

■■ Appellant argues that the doctrine of implied warranty was inapplicable as a matter of law because the removal of the mechanical drop bars by the employer constituted a material alteration to the equipment it manufactured. This alteration, appellant urges, constituted an independent and intervening cause of the injury sufficient to bring this case within the teaching of Texas Metal Fabricating Co. v. Northern Gas Products Corp., 404 F.2d 921 (10 Cir. 1968). Applying the substantive law of Kansas, as we must, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court held in *Texas Metal* that a heat exchange manufacturer was not liable for injuries recovered in an explosion of gas which escaped from the exchanger, where the cause of the explosion was the intervening act of the exchanger installer in drilling holes into it to eliminate a rattle. Appellant's reliance upon *Texas Metal* is misplaced. In that case there was no demonstrated relationship between the rattle (the alleged defect) and the ultimate explosion. At best, there was evidence that the cause of the rattle, a contact between horizontal tubes and baffles within the exchanger, could have eventually produced, at a later date, a hole from which gas could have escaped. But there was no proof relating the alleged defect to the injuries. The difference in product alteration, then, becomes manifest: in *Texas Metal*, "the record shows with little or no question that the alteration by Fluor caused *this* puncture in the tube and thus the

accident." 404 F.2d at 925. Here, the mechanical drop bars were safety features designed to prevent just such an injury as that sustained by appellee. Since evidence demonstrated that they were already ineffective, their removal could not even exacerbate the hazard; *a fortiori*, it could not, as a matter of law, constitute a superseding, intervening cause of the injury. In any event, there was an appropriate instruction on the effect of alteration of a manufactured product:

> If you find that the removal of the drop bars in the injection press by the plaintiff's employer was a substantial change in the machine as constructed by the defendant and that it constituted a new and independent intervening cause which could not be reasonably foreseen by the defendant and that it proximately produced and brought about plaintiff's injuries and damages, then your verdict should be for the defendant.

The question of intervening cause was properly presented to the jury on a quantum of evidence sufficient to sustain a verdict.[1]

■ Conceding that the court's instruction concerning a manufacturer's duty to warn users of foreseeable dangers was a correct statement of the law,[2] appellant nonetheless advances three reasons why it should not have been given in this case. First, appellant argues that Kansas law dictates that a plaintiff must demonstrate that the failure by a manufacturer to warn users of its product of known dangers was itself the proximate cause of the user's injuries. Alexander v. Inland Steel Co., 263 F.2d 314 (8 Cir. 1958). Moreover, no duty to warn extends to a "totally unanticipated

1. The recent holding of Garst v. General Motors Corp., 207 Kan. 2, 484 P.2d 47 (1971), compels no different result. Presented there was an issue of alleged defective design in a dissimilar factual complex.

2. Instruction No. 9:
   A manufacturer of a product which he knows, or by the exercise of ordinary

care should know, is potentially dangerous to users thereof, has a duty to give adequate warning of such danger where injury to a user thereof can be reasonably anticipated if an adequate warning is not given.

misuse of an item," Marker v. Universal Oil Products Co., 250 F.2d 603, 606 (10 Cir. 1957). Finally, appellant urges that the instruction was improper because "[t]here is no duty to warn of a product-connected danger which is obvious, or of which a user has or should have actual knowledge." Pattern Instructions for Kansas (Kansas District Judges Association 1966), at 379. Each of these reasons misconceives the purpose of the instruction.

The inherent danger, which a user could not anticipate, was that the hydraulic interlock system and the mechanical drop bar were critically interrelated; the failure of one of two safety devices, the drop bar, may in fact have been indicative of a defect in the hydraulic interlock system itself. Thus, the purpose of a warning to this effect would be to notify any user that the operation of this product when the mechanical drop bar was not functioning might amount to a use without any safeguards whatsoever. The warning would go not to the dangerous nature of the machine generally, but to a specific hazard which could not otherwise reasonably be anticipated by the user. In these circumstances, the jury was entitled to find that the manufacturer had a duty to alert any user of the potential ramifications of a failure of the drop bar to operate properly.

■ Finally, appellant urges that it was error for the court to permit the jury to consider in its computation of damages medical care, hospitalization, and treatment "reasonably certain to be needed in the future". We see no error here. That appellee's doctor refused to "foretell the future" does not bar the instruction; it is merely evidence for the jury to consider. Moreover, he testified that plaintiff's injury made her more susceptible to degenerative diseases. In any event, the standard of "reasonable certainty" enunciated in this instruction fully comported with Kansas law. Albin v. Munsell, 189 Kan. 304, 369 P.2d 323, 329 (1962).

■ We do not consider appellant's argument that the trial court erred in refusing to give a requested instruction concerning change in the nature of the product between the date of purchase and date of injury. No timely objection was made. Fed.Rule Civ.Proc. 51, Moomey v. Massey Ferguson, Inc., 429 F.2d 1184 (10 Cir. 1970).

We have carefully considered the other arguments raised by the appellant and find them to be without merit.

The judgment of the district court is affirmed.