**Paul E. JUSTICE, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**OLD BEN COAL COMPANY, Third-Party Defendant.**

Civ. A. No. 3:86–0525.

United States District Court, S.D. West Virginia, Huntington Division.

April 1, 1987.

Robert H. Carlton, Williamson, W.Va., for Justice.

W. Graham Smith, Jr., Smith & Rumora, Williamson, W.Va., for Norfolk & Western.

David B. Thomas and Cynthia A. Nelson, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., for Old Ben Coal Co.

ORDER

HADEN, Chief Judge.

Pending are two motions for summary judgment. The Third-Party Defendant Old Ben Coal Company seeks by motion filed February 13, 1987, summary judgment against the Norfolk and Western Railway Company on its third-party complaint. The Norfolk and Western Railway Company seeks summary judgment by motion filed March 10, 1987, against the Plaintiff. The time for filing dispositive motions expired February 14, 1987, per this Court's Order of December 8, 1986. The Defendant Rail-

way's motion is untimely and the Court finding there was no good cause to excuse its untimeliness, denies the Defendant Norfolk and Western Railway's motion.

The Third-Party Defendant Old Ben Coal Company seeks summary judgment asserting that discovery has failed to reveal any facts which would tend to imply that it has been in any way negligent in the circumstances resulting in the injury to Paul E. Justice and this lawsuit. Two theories are advanced in the third-party complaint—one based upon *W. Va. Code*, § 23–4–2 and *Sydenstricker v. Unipunch Products*, 169 W.Va. 440, 288 S.E.2d 511 (1982) and the other, on contractual indemnity.

■ In cases of workplace injuries, *Sydenstricker* permits a nonemploying defendant such as the Norfolk and Western Railway Company to seek a statutorily modified form of common law indemnity from an employer such as the Old Ben Coal Company when the employer causes injury to its employee in such a manner as to make it liable to the employee under *W. Va. Code*, § 23–4–2. For there to be liability under 23–4–2, the party proposing liability under that section must prove, *inter alia,* that a specific unsafe working condition existed and that the employer had a subjective realization and appreciation of the existence of such specific unsafe working condition. A specific unsafe working condition can be identified as such by industry standards regulating certain conditions known to be unsafe or by government regulations doing likewise. *Handley v. Union Carbide*, 804 F.2d 265, 272 (4th Cir.1986).

Upon reviewing Old Ben's motion, Old Ben demonstrated that it has thoroughly discovered the Norfolk and Western Railway Company's case and has been unable to elicit from the Railway any evidence which would tend to prove either that it had a subjective awareness of the unsafe condition or, indeed, that a specific unsafe working condition existed at the work place where Paul E. Justice was injured.

After an adequate time for discovery has passed and upon a motion where a party demonstrates that an opposing party will be unable to prove at trial an essential element of that party's case, summary judgment should issue against the party called upon to make a showing of a genuine issue of fact who failed to do so. *Celotex Corp. v. Catrett,* —— U.S. ——, ——, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 272 (1986). Through an extensive discovery process, now closed, Old Ben Coal Company demonstrated that the Norfolk and Western Railway Company will be unable to prove either the existence of a specific unsafe working condition as that term is defined under *W. Va. Code*, § 23–4–2, or that the Old Ben Coal Company was subjectively aware of an unsafe working condition. The Norfolk and Western Railway Company response having failed to produce any facts which would show the existence of a genuine issue of material fact as to these elements of proof, partial summary judgment on its claim under *W. Va. Code*, § 23–4–2 and *Sydenstricker v. Unipunch Products, Inc.*, 169 W.Va. 440, 288 S.E.2d 511 (1982) is granted in favor of Old Ben.

■ The Norfolk and Western Railway Company, however, also seeks indemnification recovery under a side track agreement made October 1, 1981, between it and the Old Ben Coal Company. The indemnification portion of the agreement provides in pertinent part as follows:

"Industry covenants and agrees to indemnify, protect and save harmless the railway ... from ... any and all loss or damage on account of injury to and the death of any person whomsoever (including employees and patrons of the parties hereto and all other persons whomsoever), and from and against any and all suits, claims, liabilities and demands, for such loss or damage ... caused by or growing out of the operation of this lease ... except where such loss or damage ... is due to the sole negligence of the railway."

In rebuttal to the Old Ben Coal Company's showing that the injury to Paul E. Justice was due solely to the negligence of the railway company, the Norfolk and Western Railway Company produced excerpts from the deposition of Plaintiff Justice and Norfolk and Western employee

342

Emmett Q. Murphy. In summary, the testimony provides a factual basis which tends to prove that the cause of the accident giving rise to Justice's injuries was a deterioration in the condition of the tracks caused by the pooling of water on and around the track on which Justice was injured. Justice and Murphy testified further that the Old Ben Coal Company was responsible for the water coming into contact with the tracks. From this the Court concludes that there exists a genuine issue of material fact as to whether the injury to Justice arose solely from the negligence of the Norfolk and Western Railway Company.

Accordingly, the Old Ben Coal Company's motion for summary judgment as to the contractual indemnity claim of the Norfolk and Western Railway Company is denied.