**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MILDRED BURKE,
Plaintiff,

v.

J. F. ALLEN COMPANY, d/b/a Alcon,
Defendant & Third Party
Plaintiff-Appellant,

and

WILLARD L. HERRON, Administrator
of the Estate of Kenneth R. Burke,

deceased; PAUL H. BRADY, JR.,
Administrator of the Estate of
Kenneth R. Burke, deceased,
Defendants,

v.

GARIELD R. HOHMAN, d/b/a G & N
Trucking,
Third Party Defendant-
Appellee.

No. 98-2622

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-95-113-2)

Argued: May 4, 1999

Decided: June 8, 1999

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Charles Chilton Wise, III, BOWLES, RICE, MCDAVID, GRAFF & LOVE, Fairmont, West Virginia, for Appellant. Peter Gregory Zurbuch, BUSCH & TALBOTT, L.C., Elkins, West Virginia, for Appellee. **ON BRIEF:** Monica L. Miyashita, BOWLES, RICE, MCDAVID, GRAFF & LOVE, Fairmont, West Virginia, for Appellant. John E. Busch, BUSCH & TALBOTT, L.C., Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

J.F. Allen Company, doing business as Alcon, sought indemnity from Garield R. Hohman, or in the alternative coverage under Hohman's insurance policy, for liability stemming from an accident involving Hohman's truck. The district court denied both of J.F. Allen's claims, and we affirm.

I.

Hohman is an independent trucker operating as a common carrier. On November 3, 1994, Hohman arrived at J.F. Allen's quarry in Elkins, West Virginia to transport limestone to Harrison County, West Virginia.

Prior to leaving the quarry, Hohman learned that J.F. Allen's employees had overloaded the truck. With the limestone aboard, the

2

truck weighed 81,760 pounds -- 1,760 pounds over the truck manufacturer's maximum safe operating weight and 18,260 pounds over the legal limit in West Virginia. See W. Va. Code § 17C-17-9. Hohman was given the opportunity to dump any excess, but he declined to reduce his load.

After leaving the quarry, Hohman's truck collided with a pickup truck. Mildred Burke, a passenger in the pickup, filed a diversity action for negligence against Hohman and J.F. Allen in the United States District Court for the Northern District of West Virginia. Burke sought compensation for injuries she suffered in the accident.

Hohman settled Burke's claims against him for $300,000. Shortly thereafter, J.F. Allen filed a third-party complaint against Hohman seeking contribution and indemnity for any liability it incurred to Burke. The district court dismissed J.F. Allen's contribution claim.* The parties then settled Burke's claim against J.F. Allen for $275,000.

The district court granted summary judgment to Hohman on J.F. Allen's indemnity claim. First, the court noted that no express indemnity agreement existed between them. The court next stated that West Virginia law recognizes implied indemnity but only when the indemnitee is not also at fault. Because J.F. Allen negligently overloaded Hohman's truck, the court held that no implied indemnification existed. Finally, the court held that J.F. Allen was not an "additional insured" under Hohman's commercial automobile insurance policy. J.F. Allen appeals each of these determinations.

II.

A.

J.F. Allen argues that Hohman is bound to indemnify it because Hohman, as a common carrier, had the primary duty to ensure that the limestone was transported safely. J.F. Allen finds this duty in West Virginia's Code of State Regulations, which adopt by reference the Federal Motor Carrier Safety Regulations (FMCSR). W. Va. C.S.R.

_____

*J.F. Allen does not appeal this dismissal.

3

§ 150-9-2.3 (adopting 49 C.F.R. § 392.9). Section 392.9 of the FMCSR provides that "No person shall drive a commercial motor vehicle . . . unless [t]he commercial motor vehicle's cargo is properly distributed and adequately secured." 49 C.F.R.§ 392.9(a)(1). J.F. Allen argues that federal case law has interpreted regulations similar to this one to impose a duty to indemnify, see, e.g., United States v. Savage Truck Line, Inc., 209 F.2d 442 (4th Cir. 1953) (finding duty to indemnify under Interstate Commerce Commission regulations), and that the West Virginia courts would similarly interpret section 150-9-2.3.

We disagree. West Virginia law provides for two types of indemnity -- express and implied. Sydenstricker v. Unipunch Products, Inc., 288 S.E.2d 511, 515 (W. Va. 1982). The West Virginia Supreme Court of Appeals has not addressed whether section 150-9-2.3 creates an express right of indemnity. The Supreme Court of Appeals has, however, required a clear and specific reference to indemnity for express indemnity to arise under a contract. See e.g., Sellers v. Owens-Illinois Glass Co., 191 S.E.2d 166, 169 (W. Va. 1972). We think that the court would require similarly clear language in a statute, and section 150-9-2.3 contains no such clear language. Indeed, it is silent on the question of indemnity. Without such a reference, the West Virginia Supreme Court of Appeals would refuse to find that a claim for express indemnity lies.

Nor is a claim for implied indemnity persuasive in this case. It is true that implied indemnity "aris[es] out of the relationship between the parties" rather than from clear language. Sydenstricker, 288 S.E.2d at 515. Nevertheless, "the right to seek implied indemnity belongs only to a person who is without fault." Hager v. Marshall, 505 S.E.2d 640, 648 (W. Va. 1998). The district court found that J.F. Allen was negligent in overloading Hohman's truck. As a result, J.F. Allen is unable to recover under an implied indemnity theory.

B.

J.F. Allen also argues that it is entitled to recover as an "additional insured" under Hohman's insurance policy. J.F. Allen points to Section II, A.1.e of Hohman's policy which defines"insured" as "Anyone liable for the conduct of an `insured' . . . but only to the extent of that

4

liability." J.F. Allen maintains that it is being held liable for Hohman's negligence in operating his truck in excess of the legal limit, and therefore that J.F. Allen is an additional insured under Section II, A.1.e.

We disagree. Paragraph 13 of Burke's amended complaint states

> On or about the 3rd day of November, 1994, Defendant Alcon [J.F. Allen], in Randolph County, West Virginia, heedlessly, carelessly, and negligently conducted itself in the operation, management, and control of its business so as to overload the 1978 Mack dump truck owned and operated by Defendant Hohman, dba G&N Trucking, with limestone by approximately ten (10) tons, thereby proximately causing said dump truck to collide with a motor vehicle owned by Kenneth R. Burke, in which vehicle the Plaintiff Burke was a passenger.

It is clear from the complaint that Burke sued J.F. Allen for its own conduct, not that of Hohman. Consequently, J.F. Allen is not an additional insured under Hohman's policy.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5