**W. W. MIMS, Appellant,**

v.

**Olin KEMP et al., Appellees.**

No. 74–1379.

United States Court of Appeals, Fourth Circuit.

Argued December 5, 1974.

Decided May 12, 1975.

David Bonderman, Washington, D. C. (William L. McGovern, Washington, D. C., Stanley H. Kohn, Gerald M. Finkel, Columbia, S. C., Arnold & Porter, Washington, D. C., and Kohn & Finkel, Columbia, S. C., on brief), for appellant.

Charles Porter, Columbia, S. C. (Thomas H. Pope, Newberry, S. C., N. Welch Morrisette, Jr., and Glenn, Porter & Sullivan, Columbia, S. C., on brief), for appellees.

Before BOREMAN, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

The plaintiff, owner and publisher of a weekly newspaper in Edgefield County, South Carolina, instituted this action against seventeen named defendants seeking damages and injunctive relief for alleged violations of Sections 1 and 2 of the Sherman Act.[1] Acting upon defendants' motion, the district court dismissed the complaint on the ground that plaintiff's interstate commerce contacts were insufficient to satisfy Sherman act jurisdiction. We find the circumstances of the dismissal improper and, accordingly, reverse.

Since the sole ground assigned in support of defendants' motion to dismiss was that the court lacked jurisdiction of the subject matter, the motion facially fell within the limited confines of Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in a preliminary order addressed to the motion the court stayed discovery on the merits and directed "that discovery on the issue of subject matter jurisdiction be permitted to proceed until that issue is sufficiently framed for disposition by the court." Pursuant to that order the parties en-

---

1.  15 U.S.C. §§ 1 and 2.

gaged in substantial discovery and thereafter the district court conducted a hearing on the motion and made an oral ruling thereon. In the course of his ruling the district judge referred to his review of the discovery material including depositions and concluded "that the activity complained of by the plaintiff has no factual effect, no substantial factual effect on interstate commerce."

While a court may resort to material outside the pleadings in passing on a motion under Rule 12(b)(1),[2] it is difficult in antitrust cases such as this to avoid an excursion into the merits of the case where the jurisdictional challenge is based, at least in part, upon the alleged insubstantiality of the impact of a local restraint on interstate commerce. In Hospital Building Co. v. Trustees of Rex Hospital, 511 F.2d 678 (4 Cir. 1975), Judge Craven commented upon the use of such motions in these cases:

> "Since Congress specifically has conferred jurisdiction of Sherman Act claims (15 U.S.C. §§ 15 & 26), we think it the better analysis to treat an insufficient plea of effect upon interstate commerce as a failure to state a claim upon which relief can be granted rather than lack of jurisdiction (in the sense of power) over the subject matter."

As pointed out in that opinion, the substantiality of the impact on interstate commerce is ordinarily a question of fact, and if it is to be presented to the court for disposition in advance of trial it is best done by a motion for summary judgment under Rule 56 or, at least, by a motion under Rule 12(b)(6).

Counsel for the defendants contend that the present case was, in fact, actually disposed of by the district court as a motion for summary judgment and point to the fact that the court was acting upon what they characterize as a "developed record." The fact remains, however, that the only motion before the court was the dismissal motion under Rule 12(b)(1) and while it is true, of course, that the court considered substantial material outside the pleadings, under the last sentence of Rule 12(b) the only motion which properly can be converted into a motion for summary judgment when outside materials are considered is one filed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co., 469 F.2d 416 (5 Cir. 1972); Estes v. Shell Oil Co., 234 F.2d 847, 849–850, n.5 (5 Cir. 1956).

It is true that in *Rosemound* the court considered substantial material outside the pleadings in disposing of a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). However, in that case the parties had a full opportunity to develop facts bearing upon the admittedly well pleaded jurisdictional allegations, and the record showed that the district court considered the activities of the defendants as well as those of the plaintiff in passing upon the jurisdictional issue. In the present case the district court considered only the plaintiff's involvement in interstate commerce, disregarding the fact that the conduct of the defendants as well as that of the plaintiff is relevant to the jurisdictional issue. *See* Greenville Publishing Co., Inc. v. Daily Reflector, Inc., 496 F.2d 391, 396 (4 Cir. 1974). It also appears that the court applied only the "effect upon commerce" standard and failed to consider the possible application of the "in commerce" standard for Sherman Act jurisdiction.

Whether the court below acted upon the erroneous assumption that the case was in a posture for summary judgment or failed to discern the limited nature of the jurisdictional motion [3] is im-

---

**2.** Moore, Federal Practice, Vol. 2A, ¶ 12.09[3]; 5 Wright and Miller § 1366.

**3.** "The issue of whether there is subject matter jurisdiction raises the question whether the complaint, on its face, asserts a non-frivolous claim 'arising under' federal law. Baker v. Carr, 369 U.S. 186, 199–200 [82 S.Ct. 691, 700–701, 7 L.Ed.2d 663] (1962); Bell v. Hood, 327 U.S. 678, 682, 683 [66 S.Ct. 773, 776, 90 L.Ed.2d 939] (1946). If such a claim is stated, the District Court is then empowered to as-

**24**

material, for in either event the dismissal was improperly granted. Since the case is being returned to the district court we direct the attention of the court and counsel to the majority opinion of Judge Craven, as well as the dissent of Judge Winter, in Hospital Building Co. v. Trustees of Rex Hospital, *supra*, which in our opinion spell out the appropriate guidelines to be followed by the district court upon the remand in the present case.

Reversed and remanded.

sume jurisdiction and to determine whether the claim is good or bad, on the basis of a motion to dismiss for failure to state a claim or cause of action. Romero v. International Terminal Operating Co., 358 U.S. 354, 359 [79 S.Ct. 468, 473, 3 L.Ed.2d 368] (1959); Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249 [71 S.Ct. 692, 694, 95 L.Ed. 912] (1951). Such a dismissal is on the merits, not for want of jurisdiction. Bell v. Hood, *supra.*" Gulf Oil Corp. v. Copp Paving Co., 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974) (Douglas, J., dissenting, n.9).