**KANSAS CITY LIFE INSURANCE COMPANY, Plaintiff,**

v.

**CITICORP ACCEPTANCE COMPANY, INC., et al, Defendants.**

**Civ. A. No. 2:89–0019.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 29, 1989.

Charles W. Yeager and Bryan R. Cokeley, Steptoe & Johnson, Charleston, W.Va., for plaintiff.

Charles T. Bailey, Bailey, Wagner & Zamow, Logan, W.Va., for Logan Bank & Trust.

Douglas C. McElwee and Christopher B. Power, Robinson & McElwee, Charleston, W.Va., for Citicorp Acceptance.

## ORDER

HADEN, Chief Judge.

Pending before the Court are motions to dismiss filed by each of the corporate Defendants. Because the Court's ruling on the motion of Citicorp Acceptance Company, Inc. disposes of this action, the Court does not consider the motion of Logan Bank and Trust Company. Although the time for responding to both motions has passed, the Plaintiff Kansas City Life Insurance Company has responded to neither.

Citicorp seeks dismissal, pursuant to *Rule* 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. In its complaint the Plaintiff alleges that the Court has jurisdiction over this matter by virtue of diversity of the citizenship of the parties and an amount in controversy in excess of $10,000.00, pursuant to 28 U.S.C. § 1332. In support of this allegation, the Plaintiff further alleges facts indicating that it is a citizen of the State of Missouri, Citibank is a citizen of the States of Delaware and New York, and Logan Bank and the individual Defendants are citizens of the State of West Virginia.

■ On a motion to dismiss for lack of jurisdiction, the Court is not constrained to consider only the allegations of the complaint, but may consider materials outside the pleadings. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). Such materials may be considered without converting a *Rule* 12(b)(1) motion to a motion for summary judgment. *Id., citing Mims v. Kemp*, 516 F.2d 21 (4th Cir.1975). The Court may weigh the evidence and determine facts going to the citizenship of the parties, and the burden of establishing a jurisdictional basis is on the Plaintiff. *Id.*

■ In support of its motion to dismiss, Citicorp has submitted documentation for the purpose of demonstrating that, although its state of incorporation is Delaware, its principal place of business is in Missouri. Such documentation includes Citicorp's answers to the Plaintiff's interrogatories, wherein Citicorp provided information regarding its operations. From those answers, it appears among other things that, of Citicorp's 1366 employees, 612 are employed in St. Louis, Missouri. The remainder are employed elsewhere, in twelve other states. Citicorp's chief executive officer works in St. Louis, and board meetings have been held there for the past ten years. Citicorp also keeps its customer records and performs all staff functions in St. Louis.

Upon this undisputed record, the Court finds that Citicorp's principal place of business is in the State of Missouri. For jurisdictional purposes, therefore, Citicorp is a citizen of that state. 28 U.S.C. § 1332(c). Inasmuch as the Plaintiff is also a citizen of that state, and although Logan Bank and the individual Defendants appear to be citizens of the State of West Virginia, there is not complete diversity of citizenship among the parties to form a basis for jurisdiction in this Court. *See Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806).

As there appears no other basis for the Court's jurisdiction, the Court grants Citicorp's motion and ORDERS, pursuant to *Rule* 12(b)(1), that this action is dismissed without prejudice for lack of jurisdiction.