**Ethel G. ERICKSON, Plaintiff,**

v.

**Charles F. ERICKSON, Individually and as Executor of the Estate of Charles O. Erickson, deceased, Defendant and Third–Party Plaintiff,**

v.

**James M. CAGLE, Nicholas W. Johnson and Robert J. Smith, Third–Party Defendants.**

Civ. A. No. 6:94–0089.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

April 14, 1994.

James M. Cagle, Charleston, WV, for plaintiff.

Richard A. Hayhurst, Parkersburg, WV, for defendant and third-party plaintiff Erickson.

Timothy N. Barber, Charleston, WV, for third-party defendants Cagle and Smith.

Stephen R. Crislip, Jackson & Kelly, Charleston, WV, for third-party defendant Johnson.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the motions to dismiss filed by third-party Defendants James M. Cagle, Nicholas W. Johnson, and Robert J. Smith. In the third-party complaint, Defendant and third-party Plaintiff Charles F. Erickson asserted the third-party Defendants, lawyers for the Plaintiff, may be liable to him for contribution or indemnity if he is liable to the Plaintiff. This Court disagrees and **GRANTS** the motions to dismiss.

## I.

As an initial matter, the Court notes the standard of review of a motion to dismiss filed pursuant to Rule 12(b)(6) of the *Fed. R.Civ.P.* As stated by our Court of Appeals, "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *See, e.g., De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991)." *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied, sub nom, American Home Products Corp. v. Mylan Laboratories, Inc.,* —— U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994 WL 54215) (1994).

*See Ridgeway Coal Co., Inc. v. FMC Corp.,* 616 F.Supp. 404, 406–07 (S.D.W.Va.1985) (Haden, C.J.) *citing, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## II.

This action was initially filed in the Circuit Court of Wood County, West Virginia, but was thereafter removed to this Court by the Defendant pursuant to this Court's diversity jurisdiction. Title 28 U.S.C. § 1332 (1988)[1]. The Plaintiff was the wife of the decedent, Charles O. Erickson. The Defendant is the decedent's son and the executor of the decedent's estate.

Prior to the filing of the Plaintiff's complaint, and prior to the decedent's passing, the Plaintiff and decedent became involved in divorce proceedings in the Circuit Court of Wood County. The Plaintiff's complaint seeks an accounting of the marital properties or proceeds derived therefrom that were in the possession of the Defendant's decedent at the time of his death.[2] The Plaintiff alternatively seeks "punitive or exemplary damages ... together with ... costs and fees," if it is determined that the Defendant "has purposefully and wilfully conveyed such real and personal property which is determined to be part of the marital estate in order to defraud the plaintiff and otherwise to hinder or delay her in receiving her interest in the marital estate[.]" Plaintiff's complaint at 4.

The Defendant has filed a third-party complaint against three present or former lawyers for the Plaintiff involved in the divorce action. Defendant appears to make the novel argument that if he has made any fraudulent conveyances of marital property, then he may be entitled to contribution or indemnity from the Plaintiff's lawyers. He argues,

---

1. 28 U.S.C. § 1332 states, in pertinent part:

   "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—
      (1) citizens of different States;
      (2) citizens of a State and citizens or subjects of a foreign state;
      (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
      (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."
   This action was removed because the parties are alleged to be diverse and the amount in controversy is alleged to be in excess of $50,000. The Court notes the Defendant, in his third-party complaint, acknowledges the decedent "died, testate, a resident of Wood County, West Virginia[.]" The Defendant has been sued in both his individual and fiduciary capacities. Although

Defendant asserts he is a citizen of the state of Florida, such citizenship accrues only to his individual capacity. In his fiduciary capacity as executor of the estate of the decedent, the Defendant "is deemed to be a citizen only of the same State as the decedent[.]" Title 28 U.S.C. § 1332(c)(2) (1988). *See Geler v. National Westminster Bank USA,* 763 F.Supp. 722, 726 (S.D.N.Y.1991) ("the representative of a decedent's estate is treated as having the citizenship of the decedent"). Thus, this Court has reservations concerning its jurisdiction in this matter. *See Strawbridge v. Curtiss,* 7 U.S. (3 Crunch) 267, 2 L.Ed. 435 (1806); *Bowman v. White,* 388 F.2d 756, 760 (4th Cir.1968); *Kansas City Life Ins. Co. v. Citicorp Acceptance Co., Inc.,* 721 F.Supp. 106, 107 (S.D.W.Va.1989).

2. The complaint seeks, "to ascertain whether marital properties were improperly encumbered or disposed of to third persons so as to later require that the transactions be set aside by the Court; to order a constructive trust in favor of the plaintiff." Plaintiff's complaint at 4.

"The third party action is brought . . . on a theory of contribution, since they, as attorneys for Mrs. Erickson, undoubtedly had a duty to her to take steps available to them under West Virginia law to preserve the marital estate, if there was reasonable grounds to believe that the marital estate was being dissipated, and *if it was the true desire of Mrs. Erickson to prevent any such dissipation.*" Defendant's memorandum at 2 (emphasis in original).

Defendant does not argue the Plaintiff owed any duty to *him;* rather, Defendant asserts the Plaintiff's lawyers, because of their duty *to the Plaintiff,* should have taken steps to prevent the consequences of his alleged wrongdoing.

### III.

Rule 14(a) of the Federal Rules of Civil Procedure states, in pertinent part:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and a complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.*" (emphasis added).

The question to be decided upon these motions to dismiss is whether the Plaintiff's lawyers may be found liable "for all or part of the Plaintiff's claim" against the Defendant.

█ It is clear that a third-party defendant may not be impleaded under Rule 14(a) merely because he may be liable to the plaintiff. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Millard v. Municipal Sewer Authority of Lower Makefield Tp.,* 442 F.2d 539 (3rd Cir.1971); *Independent Liberty Life Ins. Co. v. Fiduciary and Gen. Corp.,* 91 F.R.D. 535, 537 (W.D.Mich.1981). A third-party claim must be "derivative" of the plaintiff's claim because "[d]erivative liability is central to the operation of Rule 14," *Wa-*

*tergate Landmark Condominium Unit Owners' Ass'n v. Wiss, Janey, Elstner Associates, Inc.,* 117 F.R.D. 576, 578 (E.D.Va.1987). In *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir.1983), *cert. denied, sub nom, Webb v. U.S.,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984), it was stated, "a third-party claim may be asserted only when the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." (Citations omitted). *See also Sears v. Atchison, Topeka & Santa Fe Railway Co.,* 749 F.2d 1451, 1454 (10th Cir.1984), *cert. denied, sub nom, United Transportation Union v. Sears,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985); *Collini v. Wean United, Inc.,* 101 F.R.D. 408, 410–11 (W.D.Pa.1983). "A third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *United States v. Etley,* 574 F.2d 850 (5th Cir.), *cert. denied,* 439 U.S. 967, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978). "Determinations of the propriety of third-party actions are committed to the sound discretion of the court." *Frazier v. Harley Davidson Motor Co., Inc.,* 109 F.R.D. 293, 294 (W.D.Pa.1985), *citing United States v. One 1977 Mercedes Benz, supra,* at 452.

"In diversity actions the law of the state in which the federal court is sitting governs the question whether a substantive right that can be the basis for a third-party claim exists." 6 Charles A. Wright *et al.,* Federal Practice & Procedure: Civil § 1446, at 369–70 (2d ed. 1990). It is generally recognized, "[t]he ability of the adversary to add the client's attorney as a party will depend upon common-law rules of indemnity and contribution, policy considerations, and the applicability of the jurisdiction's joinder statutes." 1 Ronald E. Mallen, et al., *Legal Malpractice,* § 7 (3rd ed. 1989 & Supp.1993).[3] An examination of

---

**3.** This judge has previously noted,

"... Rule 14(a) states that a third party action may be maintained against one who is or may be liable to him for all or part of the plaintiff's claim. *Cox v. E.I. duPont de Nemours and Co.,*

269 F.Supp. 176, 179 (D.S.C.1967) held that where a substantive right for indemnification or contribution is alleged the courts have repeatedly held that the procedure for the enforcement of that right is set forth in *Rule* 14."

whether the third-party defendants may be liable for the allegations in the Plaintiff's complaint must be made pursuant to West Virginia's law of contribution and indemnity.[4]

### A.

■ The Supreme Court of Appeals of West Virginia has defined the doctrine of contribution as follows:

> " 'The doctrine of contribution has it roots in equitable principles. The right to contribution arises when persons having a *common obligation*, either in contract or tort, are sued on that obligation and one party is forced to pay more than his *pro tanto* share of the obligation.' Syllabus Point 4, in part, *Sydenstricker v. Unipunch Prods., Inc.*, 169 W.Va. 440, 288 S.E.2d 511 (1982)." *Syllabus* Point 1, *Board of Education v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990). (emphasis added).

Thus, the right to contribution only arises when parties "having a common *obligation* ... are sued on that obligation[.]"

■ Although not addressed in West Virginia caselaw, it is a general rule that non-clients, like the third-party plaintiff, have no cause of action against a lawyer for negligent performance of legal work for the lawyer's client, the non-client's adversary. *National Savings Bank v. Ward*, 100 U.S. (10 Otto) 195, 25 L.Ed. 621 (1880); *Firestone v. Galbreath;* 747 F.Supp. 1556 (S.D.Ohio 1990) (applying Ohio law), *aff'd*, 976 F.2d 279 (6th Cir.1992); *York v. Stiefel*, 99 Ill.2d 312, 76 Ill.Dec. 88, 458 N.E.2d 488 (1983); *Marker v. Greenberg*, 313 N.W.2d 4 (Minn.1981); *Chicago Title Ins. Co. v. Holt*, 36 N.C.App. 284, 244 S.E.2d 177 (1978); *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M.

757, 750 P.2d 118 (1988); Joan Teshima, Annotation, *Attorney Liability, to One Other Than Immediate Client, for Negligence in Connection with Legal Duties*, 61 A.L.R.4th 615 (1988 & Supp.1993); 1 Ronald E. Mallen et al., *Legal Malpractice, supra* at § 7. Most courts have disallowed third-party suits for contribution or indemnity filed by non-clients against lawyers based upon the lawyer's negligence or malpractice to the plaintiff.[5] *Prescott Investors, Inc. v. Blum*, 762 F.Supp. 1553 (D.Conn.1991) (applying Connecticut law); *Bukoskey v. Walter W. Shuman, C.P.A., P.C.*, 666 F.Supp. 181 (D.Alaska 1987) (applying Alaska law); *Wiederkehr Wine Cellars, Inc. v. City Nat'l Bank of Fort Smith*, 300 Ark. 537, 780 S.W.2d 551 (1989); *Holland v. Thacher*, 199 Cal.App.3d 924, 245 Cal.Rptr. 247 (1988); *Waldman v. Levine*, 544 A.2d 683 (D.C.App.1988); *Cohran v. Jones*, 160 Ga.App. 761, 288 S.E.2d 80 (1981), *cert. dismissed,* 249 Ga. 510, 291 S.E.2d 538 (1982); *Browne v. Aetna Casualty & Surety Co.*, 377 N.W.2d 74 (Minn.App.1985); *Malewich v. Zacharias*, 196 N.J.Super. 372, 482 A.2d 951 (1984); *Mentzer & Rhey, Inc. v. Ferrari,* 367 Pa.Super. 123, 532 A.2d 484 (1987), *appeal denied,* 518 Pa. 640, 542 A.2d 1369 (1988); *Hughes v. Housely*, 599 P.2d 1250 (Utah 1979); *Evans v. Steinberg*, 40 Wash.App. 585, 699 P.2d 797 (1985). *But see Tormo v. Yormack*, 398 F.Supp. 1159 (D.N.J. 1975).[6]

The Court of Appeals for the Seventh Circuit addressed a similar issue to the instant one in *Commodity Futures Trading Commission v. Hunt*, 591 F.2d 1211 (7th Cir. 1979). In that case the defendant brought a third-party complaint against the Commodity Futures Trading Commission and some of its employees on the ground they were liable for the defendant's violation of soybean trading

---

*Cavender v. Consolidated Rail Corp.*, 588 F.Supp. 98, 102 (S.D.W.Va.1984).

**4.** Because the Court is exercising its diversity jurisdiction, it is bound to apply West Virginia law. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**5.** *See generally*, 1 Ronald E. Mallen, *supra* at § 7.13.

**6.** In *Tormo*, the court addressed the third-party complaint of a defendant bank against a lawyer for contribution or indemnity; the lawyer had

referred his client to an out-of-state lawyer who subsequently embezzled settlement proceeds from a personal injury action by forging the client's signature. There, the court disallowed the indemnity claim, but allowed the contribution claim to proceed, holding that a jury could find the original lawyer committed negligence when he referred his client to the out-of-state lawyer, and such a referral could be found to be a proximate cause of the client's damages.

limits. The Court of Appeals concisely rejected that argument, stating,

> "[Defendants'] third-party claims against [third-party defendants] also fail.... these parties were impleaded improperly by the [Defendants]. Fed.R.Civ.P. 14(a) authorizes the impleader of a person only when that person 'is or may be liable to [the defendant] for all or part of the plaintiff's claim against him.' Clearly the Commission employees who are the subject of the [Defendants'] third-party complaint are not liable for the [Defendants'] violation of the soybean trading limits." 591 F.2d at 1224.

In essence, the Court of Appeals found that the third-party defendants owed no duty to prevent the third-party plaintiffs' wrongdoing.

The defendant/third-party plaintiff contends that the third-party defendants, as the Plaintiff's lawyers, owed a duty to the Plaintiff, to prevent any "dissipation" of the marital estate. The third-party plaintiff contends the third-party defendants are jointly liable for the allegations in the Plaintiff's complaint. The Plaintiff's lawyers must therefore be allegedly liable for (1) an accounting, and (2) any fraudulent conveyance. If there is no possibility they can be liable for either of those claims, the third-party complaint may not be permitted pursuant to *Rule* 14(a) or West Virginia's law of contribution.

■ The Court holds Defendant and Plaintiff's lawyers do not have common obligations for the allegations in the Plaintiff's complaint. Although it is true that both owe duties to the Plaintiff, those duties are not *common*. The Plaintiff's lawyers had no control over nor any responsibility for the Defendant's actions. They do not control the decedent's estate. There is thus no way they may be liable to account for the property of the estate. Even if the alleged duty of the Plaintiff's lawyers to "prevent dissipation" of the marital estate exists, it is certainly not enough to make them jointly liable for alleged fraudulent conveyances made by the Defendant. Although the lawyers owe a duty of care with regard to their professional obligations to the Plaintiff, those obligations are not *common* to those alleged to have been violated by the Defendant. The complaint thus fails under the West Virginia law of contribution.

■ Moreover, as third-party defendants Cagle and Smith point out, an action for contribution does not appear to be available to a tortfeasor accused of fraud. As stated in *Syllabus* Point 3 of *Haynes v. City of Nitro*, 161 W.Va. 230, 240 S.E.2d 544 (1977): "In West Virginia one joint tort-feasor is entitled to contribution from another joint tort-feasor, except where the act is *malum in se*." An act *malum in se* has been defined as, "[a] wrong in itself; an act or case involving illegality from the very nature of the transaction, upon principles of natural, moral, and public law." *Black's Law Dictionary* 959 (6th Ed.1991). It is clear a fraudulent conveyance is *malum in se*. *Van Iderstine v. National Discount Co.*, 227 U.S. 575, 33 S.Ct. 343, 57 L.Ed. 652 (1913); *Congress & Empire Spring Co. v. Knowlton*, 103 U.S. (13 Otto) 49, 57, 26 L.Ed. 347 (1880); *Davis v. Woolf*, 147 F.2d 629, 635 n. 2 (4th Cir. 1945); *Crum v. Appalachian Electric Power Co.*, 29 F.Supp. 90, 92 (S.D.W.Va.1939) (construing West Virginia law); *In re Savage*, 112 Vt. 89, 22 A.2d 153, 156 (1941). Assuming *arguendo* Plaintiff's lawyers had common obligations with the Defendant, they could not be made to respond in contribution for the alleged fraudulent conveyance when such conveyance was *malum in se*.

### B.

■ Defendant also suggests the Plaintiff's lawyers may owe him a duty of implied indemnity. The Defendant asserts implied indemnity may be plead where a third party defendant's conduct was the "primary cause" of the Plaintiff's injuries. It is clear, however, that to plead implied indemnity one must himself be *without fault*. *Syllabus* Point 2, *Sydenstricker v. Unipunch Products, Inc.*, 169 W.Va. 440, 288 S.E.2d 511 (1982). There appears to be no set of facts where the Defendant could be liable to the Plaintiff for a fraudulent conveyance without any fault of his own; fraud, by its *mens rea*, requires fault. *Horan v. Turnpike Ford, Inc.*, 189 W.Va. 621, 433 S.E.2d 559 (1993); *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66 (1981);

*Horton v. Tyree,* 104 W.Va. 238, 139 S.E. 737 (1927) (one element of fraud is that the act claimed to be fraudulent was the act of the defendant or induced by him). Thus, the implied indemnity argument also must fail.

### C.

Although the Plaintiff's lawyers undoubtedly owe a duty of professional responsibility *to the Plaintiff,* that duty bears no relationship to the wrongdoing alleged in the Plaintiff's complaint, *i.e., the Defendant's duty* to account for property within the marital estate, and to respond in punitive damages for possible fraudulent conveyances. Thus, it appears the Defendant has confused the duty owed by the Plaintiff's lawyers to the Plaintiff with his duties to account for and protect the property within the marital estate. Simply put, there is nothing in the Plaintiff's complaint against the Defendant for which the Plaintiff's lawyers may be liable. It is the Defendant who must make an accounting of the property within the marital estate, not the Plaintiff's lawyers. This Court concludes the third-party complaint for indemnity and contribution is improper because it fails to state a claim upon which relief may be granted; therefore, the motions to dismiss are **GRANTED.**

### IV.

The Defendant also asserts an abuse of process claim against third-party Defendant Cagle. The third-party plaintiff contends the action for an accounting was brought by Plaintiff's lawyer Cagle for the purpose of harassing and causing extra expense to the third-party plaintiff and to extort relief for the Plaintiff. Such a claim may not be the subject of a third-party complaint in this case.

As noted above, Rule 14(a) permits a third-party complaint where the third-party defendant may be liable for all or part of the original Plaintiff's claim. The Plaintiff's lawyers are not liable for all or part of the Plaintiff's claim. Part III, *supra.* A claim for abuse of process bears no relationship to the action for accounting or damages for fraudulent conveyances. Thus, a third-party complaint based upon an abuse of process in this case is clearly improper. *See U.S. General, Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir.1979). If merited, a separate action for abuse of process may be prosecuted by the Defendant.[7]

### V.

Based upon the foregoing, the third-party defendants' motions to dismiss the third-party complaint are **GRANTED.**

---

**7.** This Court notes that in *Syllabus* Point 2 of *Pote v. Jarrell,* 186 W.Va. 369, 412 S.E.2d 770 (1991) (*per curiam* ), the Supreme Court of Appeals stated:

" ' "Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." *Preiser v. MacQueen,* [177 W.Va. 273, 279, 352 S.E.2d 22, 28 (1985)].' Syl. pt. 2, *Wayne County Bank v. Hodges,* 175 W.Va. 723, 338 S.E.2d 202 (1985)."

Abuse of process is distinguishable from "malicious prosecution." *Pote v. Jarrell, supra,* 412

S.E.2d at 774; *Preiser v. MacQueen,* 177 W.Va. 273, 278–79, 352 S.E.2d 22, 28 (1985) (contrasting "abuse of process" with "malicious prosecution"). Malicious prosecution is defined in *Preiser v. MacQueen, supra,* at *Syllabus* Point 1, as follows:

" 'To maintain an action for malicious prosecution it is essential to prove (1) that the process was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to the plaintiff.' Syl pt. 1, *Lyons v. Davy–Pocahontas Coal Co.,* 75 W.Va. 739, 84 S.E.2d 744 (1915)."

*See Syllabus* Point 1, *Pote v. Jarrell, supra.*