518 S.E.2d 873

Alvin D. HOWELL, an Individual, d/b/a
Howell Construction Company,
Plaintiff Below, Appellant,

v.

Hayward LUCKEY, an Individual, d/b/a
Luckey Construction, Defendant
Below, Appellee.

No. 25482.

Supreme Court of Appeals of
West Virginia.

Submitted April 14, 1999.

Decided July 14, 1999.

Boyd L. Warner, Esq., Waters, Warner & Harris, Clarksburg, West Virginia, Attorney for Howell.

Jeffrey L. Robinette, Esq., Stephen M. LaCagnin, Esq., Jackson & Kelly, Morgantown, West Virginia, Attorneys for Luckey.

MAYNARD, Justice:

This is an appeal from a final order of the Circuit Court of Monongalia County entered on June 8, 1998, granting summary judgment in favor of the appellee, Hayward Luckey, an individual, d/b/a Luckey Construction, in a contribution action filed by the appellant,

Alvin D. Howell, an individual, d/b/a Howell Construction Company. In this appeal, Howell contends that the circuit court erred by ruling that his contribution action was barred because Luckey was never joined as a party in the underlying personal injury case.

This Court has before it the petition for appeal, the designated record, and the briefs and argument of counsel. For the reasons set forth below, we affirm the final order of the circuit court.

## I.

The facts in this case are undisputed. In early 1993, Alvin D. Howell, d/b/a Howell Construction Company, contracted to construct a home on Lot # 23 in the Greystone development of Monongalia County. Howell hired several subcontractors to perform different aspects of the construction including Hayward Luckey, d/b/a Luckey Construction, to perform carpentry services and Dewain Summers, d/b/a Summers Plumbing and Heating, to install plumbing and heating systems.

On September 9, 1993, Summers, while working at the construction site, was injured when he fell through an opening in the floor of the house where a staircase was to be located. The opening was not marked or barricaded and Summers landed on a concrete floor below, seriously injuring himself. Subsequently, Summers filed a civil action against Howell in the Circuit Court of Monongalia County seeking to recover for the injuries and damages he sustained as a result of the accident. The complaint alleged, *inter alia*, that:

> The Defendant Howell was negligent and careless in failing to properly investigate, perform inspection of and monitor the workplace for known or unknown dangerous conditions, for failing to warn against exposure to and injury from dangerous conditions, to wit, a large, open, unmarked and an unbarricaded hole, which was present.

A jury trial was held in July 1996, and resulted in a judgment against Howell in the amount of $223,953.60.[1] Howell satisfied the judgment by check on August 7, 1996.

Thereafter, on March 14, 1997, Howell filed the subject action against Luckey demanding judgment for indemnification in the amount of $223,953.60 or in the alternative, contribution for Luckey's proportionate share of the total judgment awarded in favor of Summers. On October 15, 1997, Luckey filed a motion for summary judgment contending that there was no legal basis for express or implied indemnification and that Howell was barred from pursuing his cause of action for contribution. On October 31, 1997, Howell filed a response to the motion and withdrew the indemnification claim. Subsequently, the circuit court granted summary judgment in favor of Luckey finding that Howell's contribution claim was barred because Luckey was never made a party in the underlying personal injury case. This appeal followed.

## II.

We begin our analysis by setting forth our standards of review. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). *See also* W.Va. R. Civ. P. 56. In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that: "A circuit court's entry of summary judgment is reviewed *de novo*." We also apply a *de novo* standard of review when the issue on appeal is clearly a question of law or involves an interpretation of a statute. Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we now address the issue before us.

The question presented in this case is whether the failure of a tortfeasor to implead, for purposes of inchoate contribution,

---

1. The jury returned a verdict finding Howell 60% at fault and awarding Summers $349,000.00. The verdict was reduced by Summer's comparative fault (40%) leaving a net verdict of $209,400.00. With pre-judgment interest, Summers was awarded $223,953.60.

a third party not sued by the plaintiff in the underlying case forecloses a separate action for contribution against that third party after judgment has been rendered in the original suit. Howell maintains that under Rule 14(a) of the West Virginia Rules of Civil Procedure,[2] impleader is permissive, not compulsory. Therefore, he reasons that a claim for contribution may be pursued against a third party in a separate cause of action after judgment is rendered in the original suit. Under Howell's theory, the third party need not have been a party in the original case.

■ This Court first recognized the right of inchoate contribution in *Haynes v. City of Nitro,* 161 W.Va. 230, 240 S.E.2d 544 (1977). Prior to *Haynes,* it was believed that contribution was only available after a joint judgment against joint tortfeasors. This "statutory right of contribution" was conferred by W.Va.Code § 55–7–13 (1923), which provided:

'Where a judgment is rendered in an action ex delicto against several persons jointly, and satisfaction of a judgment is made by any one or more of such persons, the other shall be liable to contribution to the same extent as if the judgment were upon an action ex contractu.'

*Haynes,* 161 W.Va. at 234, 240 S.E.2d at 547. "In *Haynes v. City of Nitro,* [161] W.Va. [230], 240 S.E.2d 544 (1977), we extended a right of contribution to a tortfeasor to bring in as a third-party defendant a fellow joint tortfeasor to share by way of contribution on the verdict recovered by the plaintiff." Syllabus Point 5, *Sydenstricker v. Unipunch Products, Inc.,* 169 W.Va. 440, 288 S.E.2d 511 (1982).

In *Sydenstricker,* we reaffirmed the inchoate right of contribution and further explained that its purpose is to moderate the inequity that resulted when our law enabled a plaintiff to cast the entire responsibility for an accident on one of several joint tortfeasors by deciding to sue only that person. 169

W.Va. at 452, 288 S.E.2d at 518. We stated that:

Our right of contribution before judgment is derivative in the sense that it may be brought by a joint tortfeasor on any theory of liability that could have been asserted by the injured plaintiff. However, it is clear that the amount of recovery in a third-party action based on contribution is controlled by the amount recovered by the plaintiff in the main action.

*Id.*

■ We addressed the procedural aspects of inchoate contribution in *Sitzes v. Anchor Motor Freight, Inc.,* 169 W.Va. 698, 289 S.E.2d 679 (1982). *Sitzes* was a certified question case from the United States District Court for the Southern District of West Virginia. This Court was asked to determine what effect the adoption of comparative negligence, as announced in *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979), had on both the rules of contribution among joint tortfeasors and a jury's distribution of the damage award under our wrongful death statute, W.Va.Code § 55–7–6 (1976). In discussing that issue, we stated that:

We believe it is essential for future guidance of our trial courts to discuss some aspects of how the right of comparative contribution operates procedurally. First, the right of contribution established in *Haynes* is not mandatory but must be asserted by the defendant by filing a third-party claim. The right of comparative contribution is likewise not automatic. Because the right of comparative contribution is designed for the benefit of defendant joint tortfeasors, it can only be invoked by one of the joint tortfeasors in the litigation. The method for invoking the right of comparative contribution is by requesting that special interrogatories pursuant to Rule 49(b) of the West Virginia Rules of Civil Procedure be given to the jury requiring it

---

**2.** Rule 14(a) of the West Virginia Rules of Civil Procedure, provides, in pertinent part:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

to allocate the various joint tortfeasors' degree of primary fault.

*Sitzes*, 169 W.Va. at 713, 289 S.E.2d at 688 (citations omitted).

■ More recently, we stated in *Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 603–04, 390 S.E.2d 796, 802–03 (1990):

> The fundamental purpose of inchoate contribution is to enable all parties who have contributed to the plaintiff's injuries to be brought into one suit. Not only is judicial economy served, but such a procedure also furthers one of the primary goals of any system of justice—to avoid piecemeal litigation which cultivates a multiplicity of suits and often results in disparate and unjust verdicts. *See Bowman v. Barnes*, 168 W.Va. 111, 282 S.E.2d 613 (1981). Moreover, as we have already indicated, joinder of contribution claims serves to ensure that those who have contributed to the plaintiff's damages share in that responsibility. We have also provided a method of apportioning the damages among the defendants according to fault in negligence cases. Finally, while the right of contribution is designed to promote equality among defendants, it is not automatic and must be properly invoked to be preserved. *See Sitzes v. Anchor Motor Freight, Inc.*, 169 W.Va. at 713, 289 S.E.2d at 688. (Footnote omitted).

In accordance with our prior case law, we hold that a defendant may not pursue a separate cause of action against a joint tortfeasor for contribution after judgment has been rendered in the underlying case, when that joint tortfeasor was not a party in the underlying case and the defendant did not file a third-party claim pursuant to Rule 14(a) of the West Virginia Rules of Civil Procedure. Contrary to Howell's assertions, such a rule does not destroy the permissive nature of Rule 14(a). A defendant's failure to timely exercise the option of filing a third-party claim and the resulting limitation on future claims does not change the permissive nature of the rule, nor make the rule mandatory. Moreover, by having all of the claims decided in the same action, multiple law suits and the possibility of inconsistent verdicts are avoided. In addition, judicial economy is promoted by having one jury decide the liability to the plaintiff and the percentages of liability among the defendants.

Howell urges us to adopt the approach set forth in the Uniform Contribution Among Tortfeasors Act (hereinafter "Act") and permit his claim to go forward. We are not inclined to do so. First, our Legislature has never chosen to adopt this Act or any part thereof. Secondly, there are irreconcilable differences between the Act and West Virginia law, specifically, the indefinite statute of limitations that is created when post-judgment suits for contribution are permitted. If contribution is not limited to joint judgments, there is no way to avoid infinitely extending the time period for suing the joint tortfeasor.

Accordingly, we find that the circuit court did not err by granting summary judgment in favor of Luckey. The final order of the Circuit Court of Monongalia County is, therefore, affirmed.

Affirmed.