# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

FARMERS MUTUAL INSURANCE
COMPANY,

*Plaintiff-Appellant,*

v.

APPALACHIAN POWER COMPANY, a
corporation,

*Defendant-Appellee.*

No. 02-2316

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-02-984-2)

Argued: September 24, 2003

Decided: October 20, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Debra Tedeschi Herron, MCNEER, HIGHLAND,
MCMUNN & VARNER, L.C., Clarksburg, West Virginia, for Appel-
lant. Mark Harrison Hayes, ROBINSON & MCELWEE, Charleston,
West Virginia, for Appellee. **ON BRIEF:** James A. Varner, Sr.,
MCNEER, HIGHLAND, MCMUNN & VARNER, L.C., Clarksburg,

West Virginia, for Appellant. Brian R. Swiger, Robert George, ROB-INSON & MCELWEE, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

This appeal presents the question of whether, under West Virginia law, an adjudicated joint tortfeasor is barred from seeking contribution in a separate civil action from a fellow joint tortfeasor, when: (1) the adjudicated joint tortfeasor had originally filed a cross claim for contribution against the alleged joint tortfeasor in the underlying tort action; (2) the adjudicated joint tortfeasor subsequently agreed to a voluntary dismissal without prejudice of his cross claim for contribution; and (3) the alleged joint tortfeasor was not a party to the ensuing adverse judgment in the underlying tort action. Applying the authority of *Howell v. Luckey*, 518 S.E.2d 873 (W.Va. 1999), we answer this question in the affirmative.

### I.

In the present appeal, the adjudicated joint tortfeasor is Charles Harper (Harper) and the fellow joint tortfeasor is Appalachian Power Company (Appalachian Power). Harper's liability insurance carrier, Farmers Mutual Insurance Company (Farmers Mutual), paid James and Joyce Kizer (the Kizers), the plaintiffs in the underlying tort action in West Virginia state court, the entirety of the nearly 1.3 million dollar judgment plus prejudgment interest.[1]

---

[1] The judgment against Harper was upheld on appeal. *Kizer v. Harper*, 561 S.E.2d 368 (W.Va. 2001). For the factual details of the underlying tort action *see id.* at 371-72.

Subsequent to this payment, Farmers Mutual, standing in the shoes of its insured Harper, brought the present civil action against Appalachian Power in West Virginia state court, asserting a claim under West Virginia law for contribution from Appalachian Power as a fellow joint tortfeasor. Appalachian Power had also originally been a party in the underlying tort action, but was dismissed from the case prior to trial. The Kizers had sued Appalachian Power as a joint tortfeasor, and Harper had brought a cross claim for contribution against it under West Virginia law. For reasons apparently related to litigation strategy, the Kizers agreed to voluntarily dismiss their tort claims against Appalachian Power with prejudice. Also for reasons apparently related to litigation strategy, Harper agreed to voluntarily dismiss his cross claim for contribution against Appalachian Power without prejudice. Presumably, Harper wanted the ability to argue an empty chair defense before the jury. Appalachian Power was placed on the jury verdict form even though the company was no longer a party in the action. In answer to special interrogatories, the jury found Harper one-percent at fault, Appalachian Power ninety-percent at fault, and James Kizer's employer Cablecom (not a party in the present appeal) nine-percent at fault.

Appalachian Power removed Farmers Mutual's separate civil action for contribution to the United States District Court for the Southern District of West Virginia and moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). Primarily relying upon the decision by the Supreme Court of Appeals of West Virginia in *Howell v. Luckey*, 518 S.E.2d 873 (W.Va. 1999), Appalachian Power argued that West Virginia law barred Farmers Mutual's separate civil action for contribution because Harper had voluntarily dismissed his cross claim for contribution against it and, thus, Appalachian Power was not a party to the judgment rendered/entered in the underlying tort action in West Virginia state court. The district court agreed and granted Appalachian Power's Rule 12(b)(6) motion. This timely appeal followed.

## II.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "[A] Rule 12(b)(6) motion should only be

granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

III.

Prior to the decision of *Haynes v. City of Nitro*, 240 S.E.2d 544 (W.Va. 1977), "it was believed that contribution was only available after a joint judgment against joint tortfeasors." *Howell*, 518 S.E.2d at 876. Such statutory right of contribution was conferred by West Virginia Code § 55-7-13 (1923), which provides:

> Where a judgment is rendered in an action ex delicto against several persons jointly, and satisfaction of a judgment is made by any one or more of such persons, the other shall be liable to contribution to the same extent as if the judgment were upon an action ex contractu.

*Id.* This statute is still valid. W.Va. Code Ann. § 55-7-13 (Michie 2000). However, in *Haynes*, the West Virginia Supreme Court first recognized "an inchoate right to contribution," *Haynes*, 240 S.E.2d at 547, thus allowing a joint tortfeasor to bring in as a third-party defendant a fellow joint tortfeasor to share liability by way of contribution on the verdict recovered by the plaintiff. *Howell*, 518 S.E.2d at 876; *Sydenstricker v. Unipunch Products, Inc.*, 288 S.E.2d 511 (W.Va. 1982). Critically, the right of inchoate contribution in West Virginia "is not automatic and must be properly invoked to be preserved." *Board of Educ. of McDowell County v. Zando, Martin & Milstead, Inc.*, 390 S.E.2d 796, 802-03 (W.Va. 1990).

Twenty-two years after *Haynes* was decided, in *Howell*, the Supreme Court of Appeals of West Virginia considered yet another question regarding contribution among joint tortfeasors: "[W]hether the failure of a tortfeasor to implead, for purposes of inchoate contribution, a third party not sued by the plaintiff in the underlying case forecloses a separate action for contribution against that third party

after judgment has been rendered in the original suit."[2] *Howell*, 518 S.E.2d at 875-76. The answer was yes. Specifically, the court held that, in accordance with its prior case law, "a defendant may not pursue a separate cause of action against a joint tortfeasor for contribution after judgment has been rendered in the underlying case, when that joint tortfeasor was not a party in the underlying case and the defendant did not file a third-party claim pursuant to Rule 14(a) of the West Virginia Rules of Civil Procedure." *Howell*, 518 S.E.2d at 877. Rule 14(a) of the West Virginia Rules of Civil Procedure (Rule 14) provides, in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

W. Va. R. Civ. P. 14(a).

The *Howell* court gave four reasons in support of its holding: (1) a defendant's failure to timely exercise the option of filing a third-party claim and the resulting limitation on future claims does not change the permissive nature of Rule 14(a); (2) by having all of the claims decided in the same action, multiple law suits and the possibility of inconsistent verdicts are avoided; (3) judicial economy is promoted by having one jury decide the liability to the plaintiff and the percentages of liability among the defendant-joint tortfeasors; and (4) "[i]f contribution is not limited to joint judgments, there is no way to avoid infinitely extending the time period for suing the joint tortfeasor." *Howell*, 518 S.E.2d at 877.

---

[2]Factually, *Howell* involved a joint tortfeasor (a general contractor) who sought to maintain a separate contribution action against a fellow joint tortfeasor (a subcontractor), who was not a party in the underlying personal injury action in which the injured plaintiff (a construction worker) obtained an adverse judgment against the first joint tortfeasor (the contractor). *Howell*, 518 S.E.2d at 875.

The district court in the case before us had no trouble in granting Appalachian Power's motion to dismiss. According to the district court, "[w]hile the procedural stance of this case is somewhat different, the general principle behind the *Howell* case is applicable here. *Howell* stands for the proposition that all those potentially liable for a plaintiff's harm ought to be tried together in one action." (J.A. 50-51). The district court further explained:

> Here, Appalachian and Farmers Mutual were parties to the underlying action, but Farmers Mutual agreed to the dismissal of Appalachian from the case. While Farmers Mutual is correct in its contention that a right to contribution and/or indemnity exists, it is incorrect in its assumption that it can assert that claim now in a separate suit. The entitlement to contribution is not an automatic occurrence, and the right must be properly invoked to be preserved. *Bd. of Educ. of McDowell County v. Zando, Martin & Milstead, Inc.*, 390 S.E.2d 796, 802-03 (W.Va. 1990). Farmers Mutual may have had a right to contribution and/or indemnity from Appalachian, but that right was waived when Farmers Mutual consented to Appalachian's dismissal. The fact that the dismissal was styled "without prejudice" is of no moment.

(J.A. 51).

Farmers Mutual makes four arguments in challenge of the district court's reasoning. **First**, Farmers Mutual argues that *Howell* is inapplicable because it was decided after Harper agreed to dismissal of his cross claim for contribution against Appalachian Power in the underlying tort action.[3] **Second**, Farmers Mutual argues that *Howell* is factually distinguishable because, unlike the adjudicated tortfeasor in *Howell*, Harper had asserted a cross claim for contribution pursuant to Rule 14 against Appalachian Power in the underlying tort action with the jury finding Appalachian Power ninety-percent at fault. **Third**, Farmers Mutual argues that the district court failed to acknowledge the significance of the fact that Harper's cross claim

---

[3]This argument is best understood as raising an *ex post facto* challenge to the district court's application of *Howell*.

against Appalachian Power was dismissed "without prejudice." **Fourth** and finally, Farmers Mutual argues that equity demands that it, standing in the shoes of Harper, not be held responsible for the entire amount of the underlying judgment when the jury only found Harper one-percent at fault and found Appalachian Power ninety-percent at fault.

We find none of Farmers Mutual's arguments persuasive and affirm on the reasoning of the district court. An accurate understanding of West Virginia law regarding contribution and a careful reading of *Howell* reveal that *Howell* merely stated the law as it already existed in West Virginia and, thus, no *ex post facto* type problem prevented the district court from applying *Howell* to dismiss Farmers Mutual's separate action for contribution.

Next, the fact that, unlike the adjudicated joint tortfeasor in *Howell*, Harper originally filed a Rule 14 cross claim for contribution against Appalachian Power in the underlying tort action is of no moment. Harper agreed to voluntarily dismiss such claim prior to trial. Thus, the case proceeded to trial as if Appalachian Power had never been in the case. Were we to side with Farmers Mutual and hold that, under such circumstances, Harper had properly preserved his right to inchoate contribution from Appalachian Power under West Virginia law, we would be completely at odds with the fundamental purpose of inchoate contribution under West Virginia law which is "to enable all parties who have contributed to the plaintiff's injuries to be brought into one suit." *Board of Educ. of McDowell Co.*, 390 S.E.2d at 802. Thus, the desired goals of judicial economy and the avoidance of piecemeal litigation would be thwarted. *Id.*; *see also Wilkinson v. Duff*, 575 S.E.2d 335, 339 n.2 (W.Va. 2002) (citing *Howell* for the proposition that "a defendant must exercise the right to contribution in the underlying action, and may not delay the exercising of the right"). Moreover, in contrast to Farmers Mutual's suggestion, such an outcome would not be spared by the fact that the jury found Appalachian Power ninety-percent at fault via a special interrogatory in the underlying tort action. Given that the preclusive effect of *res judicata* attaches only to *parties* to the judgment in the original action, Appalachian Power would be free to litigate the issue of its liability were we to allow Farmers Mutual to proceed with its separate contribution

action. *Marriage of Betty L.W. v. William E.W.*, 569 S.E.2d 77, 85 (W.Va. 2002).

We dwell little on the fact that Harper's cross claim for contribution in the underlying tort action was dismissed "without prejudice" as opposed to "with prejudice." The "without prejudice" language merely prevented the dismissal of Harper's cross claim for contribution from constituting a bar to refiling. Here, another bar to refiling comes into play. As previously explained, West Virginia law separately imposes the existence of a joint judgment among joint tortfeasors as a prerequisite to a joint tortfeasor's ability to recover contribution from a fellow joint tortfeasor. *Howell*, 518 S.E.2d at 876-77. Thus, the dismissal of Harper's cross claim for contribution against Appalachian Power "without prejudice" did not and could not obviate the requirement of a joint judgment among joint tortfeasors for purposes of a successful claim for contribution under West Virginia law.

Finally, we address Farmers Mutual's argument that dismissal of its contribution action results in great inequity. Affirming the district court will not result in great inequity to Farmers Mutual. Its insured, in whose shoes its stands in the present action, voluntarily allowed the dismissal of his cross claim for contribution against Appalachian Power in the underlying tort action. In exchange, Harper was able to present an empty chair defense at trial. Having gambled on the empty chair defense and lost, West Virginia law does not provide a second bite at the apple.

IV.

In conclusion, we affirm the district court's Rule 12(b)(6) dismissal of Farmers Mutual's separate action for contribution against Appalachian Power on the reasoning of the district court.

*AFFIRMED*