PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LOMBARD CANADA, LIMITED, as
Subrogee of B & D Lalonde
Trucking and Hauling, Incorporated,
a foreign corporation,
            *Plaintiff-Appellee,*

v.

MARK E. JOHNSON, d/b/a C & L
Escort Services,
            *Defendant-Appellant,*

and

WAKLEY ESCORT SERVICE,
INCORPORATED; SHUMAN FLAG CAR
SERVICES; MARY FIORELLO,
            *Defendants.*

No. 03-1056

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-01-18-3)

Argued: December 5, 2003

Decided: January 8, 2004

Before NIEMEYER and TRAXLER, Circuit Judges, and
Richard D. BENNETT, United States District Judge for the
District of Maryland, sitting by designation.

Certification order, entered by Judge Niemeyer with the concurrences
of Judge Traxler and Judge Bennett.

**COUNSEL**

**ARGUED:** Michael Douglas Lorensen, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Martinsburg, West Virginia, for Appellant. Ronald S. Rossi, MARTIN & SEIBERT, L.C., Martinsburg, West Virginia, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

ORDER OF CERTIFICATION TO THE
SUPREME COURT OF APPEALS OF WEST VIRGINIA

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded it by the State of West Virginia through the Uniform Certification of Questions of Law Act, W. Va. Code Ann. §§ 51-1A-1 through 51-1A-13, requests the Supreme Court of Appeals of West Virginia to exercise its discretion to answer the following question:

> Does B & D Lalonde Trucking, a tortfeasor who was strictly liable to the State and who settled this liability before suit by obtaining a release from "all claims whatsoever which could arise from the damages or any other damages of [the State] which could be based on the incident," have a cause of action for contribution under West Virginia law against Mark Johnson, whose negligence contributed to the State's injury?

This court acknowledges that the Supreme Court of Appeals may reformulate this question. *See* W. Va. Code Ann. § 51-1A-4.

The underlying facts are not in dispute. In March 1999, B & D Lalonde Trucking and Hauling, Inc. ("B & D Lalonde Trucking"), a Canadian corporation insured by Lombard Canada, Ltd., obtained a special permit from the West Virginia Department of Transportation to haul an oversized load on roads in the State. Mark Johnson, doing

business as C & L Escort, was hired to act as the lead escort for the hauling trip.

The special permit required that the permittee avoid passing underneath the West Virginia Route 901 overpass on Interstate 81 near Spring Mills, West Virginia, by exiting Interstate 81 and re-entering beyond the overpass. Both Johnson and B & D Lalonde Trucking failed to follow the permit instructions to exit and re-enter Interstate 81, and the oversized load struck the Route 901 overpass, causing damages to the State of West Virginia of $222,486.71.

Under West Virginia law, B & D Lalonde Trucking, as permittee, became strictly liable to the State for any damage to the highway or highway structure. The relevant West Virginia statute provides:

> The owner, lessee or borrower of any vehicle . . . driven or moved upon any highway or highway structure shall be liable for all damage which said highway or structure may sustain . . . as a result of operating, driving, or moving any vehicle . . . weighing in excess of the maximum weight in this chapter but authorized by a special permit issued as provided in this article.

W. Va. Code Ann. § 17C-17-13(a). On behalf of B & D Lalonde Trucking, Lombard Canada settled with the State of West Virginia for $210,000 ($12,486.71 less than the estimated actual damages). Under the terms of the settlement, the State agreed to

> release and forever discharge Releasees, B.D. Lalonde Trucking & Hauling and Lombard Canada Insurance Limited, and its presidents, other officers, directors, shareholders, attorneys, parent companies, subsidiaries, adjusters, and employees of said corporations and the heirs and legal representatives of all of the Releasees, from all liability with respect to such matters and from all claims and causes of action based on the aforesaid incident and the resulting property damage, whether known or unknown to Releasor, and whether they have now arisen or will arise in the future.

The State agreed to "assume all risks of and for claims heretofore and hereafter arising, known or unknown." The settlement also stated that "[t]his is intended to be a Release of all claims whatsoever which could arise from the alleged damages or any other damages of Releasor which could be based on the incident." Lombard Canada and B & D Lalonde Trucking agreed that if they recover damages above $210,000 from any third party, they will reimburse the State the additional amount up to $12,486.71 (the difference between the estimated actual damages and the settlement amount).

Lombard Canada, as subrogee of B & D Lalonde Trucking, filed a complaint against Mark Johnson for contribution in the United States District Court for the Northern District of West Virginia, based on diversity jurisdiction. The jury returned a verdict finding B & D Lalonde Trucking 75% at fault and Johnson 25% at fault, and based on this verdict, the district court entered a judgment of $52,500 (plus interest) in favor of Lombard Canada against Johnson. The District Court rejected Johnson's legal argument that West Virginia law does not recognize a settling joint tortfeasor's right to sue another joint tortfeasor for contribution. Johnson appealed the judgment to this court.

On appeal to this court, Johnson cites *Howell v. Luckey*, 518 S.E.2d 873 (W. Va. 1999), in support of his contention that West Virginia does not recognize an independent cause of action for contribution. Johnson interprets *Howell* as recognizing a right to contribution only within the context of a suit by the tort victim, where the joint tortfeasors can be subject to a joint judgment for liability. Johnson also contends that the settlement agreement did not release him from liability and would not have prevented the State from suing him for damages exceeding the settlement amount.

Lombard Canada, on the other hand, contends that it had an inchoate right to contribution under *Haynes v. City of Nitro*, 240 S.E.2d 544 (W. Va. 1977), and it interprets *Howell* as precluding an independent cause of action for contribution only where judgment has already been rendered in the underlying case (i.e., if there is a suit by a tort victim, a joint tortfeasor defendant must implead other joint tortfeasors else the right to contribution will be lost). Lombard Canada contends that it had a right to seek contribution from Johnson because

there was no litigation and therefore no judgment with respect to the State's underlying claim because Lombard Canada and the State settled outside of a litigation context.

We are unaware of any controlling decisions of the West Virginia state courts on this determinative question. Thus, we believe that it is properly subject to review by the West Virginia Supreme Court of Appeals on certification. *See* W. Va. Code Ann. § 51-1A-3.

The names and addresses of counsel of record for the parties are:

*Counsel for Lombard Canada, Ltd.*

Ronald S. Rossi, Esquire
Martin & Seibert, L.C.
1164 Winchester Avenue
Post Office Box 1286
Martinsburg, West Virginia 25402-1286

*Counsel for Johnson*

Michael D. Lorensen, Esquire
Bowles, Rice, McDavid, Graff & Love, P.L.L.C.
101 South Queen Street
Martinsburg, West Virginia 25401

Accordingly, pursuant to the privilege made available by the West Virginia Uniform Certification of Questions of Law Act, it is hereby ORDERED:

(1) That the question stated above be, and the same hereby is, certified to the West Virginia Supreme Court of Appeals; and

(2) That the Clerk of this court forward to the West Virginia Supreme Court of Appeals, under the official seal of this court, a copy of this order and, to the extent requested by the West Virginia Supreme Court of Appeals, the original or a copy of the record in this court; and

(3)   That any request for all or part of the record be fulfilled by the Clerk of this court simply upon notification from the Clerk of the West Virginia Supreme Court of Appeals.

This Order is entered by Circuit Judge Niemeyer, with the concurrences of Circuit Judge Traxler and District Judge Bennett.

                                                    /s/
                                        _____
                                        Paul V. Niemeyer
                                        United States Circuit Judge

Dated: January 8, 2004