**PUBLISHED**

**FILED: January 8, 2004**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHARLESTON AREA MEDICAL CENTER,
INCORPORATED,
　　　　　　　*Plaintiff-Appellee,*

and

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,
　　　　　　　*Intervenor/Plaintiff,*

v.

PARKE-DAVIS, a division of Warner
Lambert; PFIZER, INCORPORATED, its
successor by merger,
　　　　　　　*Defendants-Appellants,*

v.

DANNY A. RADER, MD; TERRI MILES,
RN; JOHN/JANE DOE, MD; JANE DOE,
R.N.; JOHN/JANE DOE, Pharmacist;
JOHN/JANE DOE, Pharmacy
Technician; JOHN DOE,
Agency/Corporation,
　　　　　　　*Third Party Defendants.*

No. 02-2264

CHARLESTON AREA MEDICAL CENTER,
INCORPORATED,
*Plaintiff-Appellant,*

and

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,
*Intervenor/Plaintiff,*

v.

PARKE-DAVIS, a division of Warner
Lambert; PFIZER, INCORPORATED, its
successor by merger,
*Defendants-Appellees,*

No. 02-2303

DANNY A. RADER, MD; TERRI MILES,
RN; JOHN/JANE DOE, MD; JANE DOE,
R.N.; JOHN/JANE DOE, Pharmacist;
JOHN/JANE DOE, Pharmacy
Technician; JOHN DOE,
Agency/Corporation,
*Third Party Defendants.*

## ORDER OF CERTIFICATION TO THE
## SUPREME COURT OF APPEALS OF WEST VIRGINIA

This is an appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Because the resolution of the issues presented on appeal requires resolution of a question of West Virginia law that may be determinative in the pending case, and because it appears to us that there is no controlling West Virginia appellate decision, constitutional provision, or statute, we request that the following issue be decided by the Supreme Court of Appeals of West Virginia, pursuant to West Virginia Code § 51-1A-1 *et seq.* (2000).

I.

*Question of Law to be Answered*

The following question of West Virginia law may be determinative in the pending case and is presented to the Supreme Court of Appeals of West Virginia:

Does the law of West Virginia allow a tortfeasor to negotiate and consummate a settlement with the injured party on behalf of itself, before any lawsuit is filed, which would benefit also another party claimed to be a second joint tortfeasor, and thereafter obtain a judgment against the second joint tortfeasor in an action for contribution, although the second joint tortfeasor was not a party to, not aware of, and had no notice of the settlement.

II.

*Statement of Facts*

On March 17, 1998, a two-year old child was admitted to the emergency room of a hospital owned and operated by plaintiff Charleston Area Medical Center, Inc. (CAMC). The child was having seizures. The emergency room physician instructed the nursing staff to administer 150 milligrams of Cerebyx, a prescription drug used to treat seizures. Cerebyx is manufactured by defendant Parke-Davis, now a division of Pfizer, Inc.

A nurse assisting with the child's care obtained three vials of Cerebyx. At the center of the label it read "50 mg PE/mL" and at the bottom of the label it read "10 mL Vial." The nurse drew the entire contents of the three vials into three separate syringes. Another nurse administered the three syringes, containing a total of 1500 milligrams of Cerebyx. The pre-trial order, J.A. 86, states a total of "2250 mg." The difference in amount of the overdose is inconsequential. The child died as a result of the overdose.

Sometime after the child's death, a lawyer for the child's estate contacted CAMC to discuss settlement. CAMC agreed to settle the

claim for $2.5 million before a formal lawsuit was filed. The Circuit Court of Kanawha County approved the settlement following a hearing on July 15, 1998. Defendants Parke-Davis and Pfizer were not present at any of the settlement negotiations or at the Circuit Court hearing, and they were not aware of the settlement. The settlement agreement between the child's estate and CAMC releases all joint tortfeasors from liability for the child's death. This last fact is not found in the record but CAMC's attorney stated this in oral argument.

CAMC then entered arbitration with St. Paul Insurance Company, the insurer for one of the nurses. After arbitration, CAMC and St. Paul entered into a confidential settlement agreement.

On July 13, 2000, CAMC filed a complaint against Parke-Davis and Pfizer in the Circuit Court of Marshall County, alleging that the Cerebyx label was misleading and defective. CAMC asserted a number of claims, including a claim for contribution on account of the $2.5 million paid to the family of the child. On August 15, 2000, the defendants removed the case to the United States District Court for the Northern District of West Virginia. The defendants moved to dismiss the contribution claim, arguing that contribution was barred under *Howell v. Luckey*, 518 S.E.2d 873 (W. Va. 1999). CAMC argued that *Howell* did not apply because no suit was ever filed in this case and therefore the defendants could not have been joined as third-party defendants. The district court denied the motion and the case proceeded to trial.

On December 3, 2001, a jury returned a verdict for CAMC. The jury awarded damages of $1.75 million. The jury also assigned fault, finding Parke-Davis 70% at fault and the nurses at CAMC 30% at fault. The district court entered its order on December 14, 2001, in favor of CAMC and against Pfizer and Parke-Davis in the amount of $1.75 million, on account of contribution for a part of the $2.5 million settlement paid by CAMC to the family of the child, which was reduced by a credit of $875,000.00

Defendants Parke-Davis and Pfizer argue on appeal that the district court erred because, on these facts, an action for contribution was not available to CAMC under West Virginia law.

III.

We acknowledge that, pursuant to West Virginia Code § 51-1A-6(a)(3) (2000), the Supreme Court of Appeals of West Virginia may reformulate the question of law presented.

The names and addresses of counsel of record are as follows:

Parke-Davis, a division of Warner Lambert, and Pfizer, Inc., its successor by merger:

Diana Everett
Amy Marie Smith
Steptoe & Johnson PLLC
Bank One Center
P.O. Box 2190
Clarksburg, WV 26302

Charleston Area Medical Center:

Shawn Patrick George
George & Lorsensen PLLC
1526 Kanawha Boulevard, East
Charleston, WV 25311

Let the clerk forward a copy of this order, under the official seal of this court, to the Supreme Court of Appeals of West Virginia and thereafter forward to the Supreme Court of Appeals of West Virginia such additional papers as that court may require, including, but not exclusively, the record in this case, or any portion thereof, or copies of the same.

With the concurrences of Judge WILKINSON and Judge NIE-MEYER.

H.E. Widener, Jr.
United States Circuit Judge
Presiding
For the Court