**PUBLISHED**

Filed: September 16, 2004

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHARLESTON AREA MEDICAL CENTER,
INCORPORATED,

*Plaintiff-Appellee,*

and

ST. PAUL FIRE & MARINE INSURANCE
COMPANY,

*Intervenor-Plaintiff,*

v.

PARKE-DAVIS, a division of Warner
Lambert; PFIZER, INCORPORATED, its
successor by merger,

*Defendants-Appellants,*

and

DANNY A. RADER, MD; TERRI MILES,
RN; JOHN/JANE DOE, MD; JANE DOE,
R.N.; JOHN/JANE DOE, Pharmacist;
JOHN/JANE DOE, Pharmacy
Technician; JOHN DOE,
Agency/Corporation,

*Third Party Defendants.*

No. 02-2264

CHARLESTON AREA MEDICAL CENTER, INCORPORATED,

*Plaintiff-Appellant,*

and

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

*Intervenor-Plaintiff,*

v.

PARKE-DAVIS, a division of Warner Lambert; PFIZER, INCORPORATED, its successor by merger,

*Defendants-Appellees,*

DANNY A. RADER, MD; TERRI MILES, RN; JOHN/JANE DOE, MD; JANE DOE, R.N.; JOHN/JANE DOE, Pharmacist; JOHN/JANE DOE, Pharmacy Technician; JOHN DOE, Agency/Corporation,

*Third Party Defendants.*

No. 02-2303

## ORDER OF CERTIFICATION TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

This is an appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Because the resolution of the issues presented on appeal requires resolution of a question of West Virginia law that may be determinative in the pending case, and because it appears to us that there is no controlling West Virginia appellate decision, constitutional provision, or statute, we request that the following issue be decided by the Supreme Court of Appeals of West Virginia, pursuant to West Virginia Code § 51-1A-1 *et seq.* (2000).

## I.

*Question of Law to be Answered*

The following question of West Virginia law may be determinative in the pending case and is presented to the Supreme Court of Appeals of West Virginia:

> Does the law of West Virginia allow a tortfeasor to nego-tiate and consummate a settlement with the injured party on behalf of itself, before any lawsuit is filed, which would benefit also another party claimed to be a second joint tort-feasor, and thereafter obtain a judgment against the second joint tortfeasor in an action for contribution, although the second joint tortfeasor was not a party to, not aware of, and had no notice of the settlement.

## II.

*Statement of Facts*

On March 17, 1998, a two-year old child was admitted to the emer-gency room of a hospital owned and operated by plaintiff Charleston Area Medical Center, Inc. (CAMC). The child was having seizures. The emergency room physician instructed the nursing staff to admin-ister 150 milligrams of Cerebyx, a prescription drug used to treat sei-zures. Cerebyx is manufactured by defendant Parke-Davis, now a division of Pfizer, Inc.

A nurse assisting with the child's care obtained three vials of Cere-byx. At the center of the label it read "50 mg PE/mL" and at the bot-tom of the label it read "10 mL Vial." The nurse drew the entire contents of the three vials into three separate syringes. Another nurse administered the three syringes, containing a total of 1500 milligrams of Cerebyx. The pre-trial order, J.A. 86, states a total of "2250 mg." The difference in amount of the overdose is inconsequential. The child died as a result of the overdose.

Sometime after the child's death, a lawyer for the child's estate contacted CAMC to discuss settlement. CAMC agreed to settle the

claim for $2.5 million before a formal lawsuit was filed. The Circuit Court of Kanawha County approved the settlement following a hearing on July 15, 1998. Defendants Parke-Davis and Pfizer were not present at any of the settlement negotiations or at the Circuit Court hearing, and they were not aware of the settlement.

CAMC then entered arbitration with St. Paul Insurance Company, the insurer for one of the nurses. After arbitration, CAMC and St. Paul entered into a confidential settlement agreement.

On July 13, 2000, CAMC filed a complaint against Parke-Davis and Pfizer in the Circuit Court of Marshall County, alleging that the Cerebyx label was misleading and defective. CAMC asserted a number of claims, including a claim for contribution on account of the $2.5 million paid to the family of the child. On August 15, 2000, the defendants removed the case to the United States District Court for the Northern District of West Virginia. The defendants moved to dismiss the contribution claim, arguing that contribution was barred under *Howell v. Luckey*, 518 S.E.2d 873 (W. Va. 1999). CAMC argued that *Howell* did not apply because no suit was ever filed in this case and therefore the defendants could not have been joined as third-party defendants. The district court denied the motion and the case proceeded to trial.

On December 3, 2001, a jury returned a verdict for CAMC. The jury awarded damages of $1.75 million. The jury also assigned fault, finding Parke-Davis 70% at fault and the nurses at CAMC 30% at fault. The district court entered its order on December 14, 2001, in favor of CAMC and against Pfizer and Parke-Davis in the amount of $1.75 million, on account of contribution for a part of the $2.5 million settlement paid by CAMC to the family of the child, which was reduced by a credit of $875,000.00

Following the appeal of Parke-Davis and Pfizer from the said order of the district court of December 14, 2001, we referred the question stated in Part I of this order to the Supreme Court of Appeals of West Virginia, stating in that order that "the settlement agreement between the child's estate and CAMC releases all joint tort feasors from liability for the child's death" and that "this last fact was not found in the record but CAMC's attorney stated this in oral arguement." Upon

objection by Parke-Davis and Pfizer to that statement, and with leave of the Supreme Court of Appeals of West Virginia, we remanded the case to the district court "with instructions that it inquire into and take all necessary action in order to ascertain which persons, firms or corporations were released from liability on account of the death of said infant by the order of the circuit court of Kanawha County, entered July 15, 1998."

After making such inquiry, the district court made its findings in writing, which are part of the record in this case, which findings concluded that:

> . . . the parties released because of the settlement agreement and release dated July 15, 1998 by Circuit Court of Kanawha County are St. Paul Fire & Marine Insurance Company, Critical Care Nursing, Inc., Patricia Gravely, and Charleston Area Medical Center as well as those additional parties identified in the settlement agreement and release as . . . 'Releasees' past, present, and future officers, directors, stockholders, attorneys, attorneys-in-fact, agents, servants, representatives, employees, subsidiaries, affiliates, member companies, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated' which group does not include the defendants.

The "defendants" referred to at the end of the district court's just-quoted order do not include Parke-Davis and Pfizer.

Defendants Parke-Davis and Pfizer argue on appeal that the district court erred because, on these facts, an action for contribution was not available to CAMC under West Virginia law.

III.

We acknowledge that, pursuant to West Virginia Code § 51-1A-6(a)(3) (2000), the Supreme Court of Appeals of West Virginia may reformulate the question of law presented.

The names and addresses of counsel of record are as follows:

Parke-Davis, a division of Warner Lambert, and Pfizer, Inc., its successor by merger:

Diana Everett
Amy Marie Smith
Steptoe & Johnson PLLC
Bank One Center
P.O. Box 2190
Clarksburg, WV 26302

Charleston Area Medical Center:

Shawn Patrick George
George & Lorsensen PLLC
1526 Kanawha Boulevard, East
Charleston, WV 25311

Let the clerk forward a copy of this order, under the official seal of this court, to the Supreme Court of Appeals of West Virginia and thereafter forward to the Supreme Court of Appeals of West Virginia such additional papers as that court may require, including, but not exclusively, the record in this case, or any portion thereof, or copies of the same.

With the concurrences of Judge WILKINSON and Judge NIE-MEYER.

/s/ H.E. Widener, Jr.
H.E. Widener, Jr.
United States Circuit Judge
Presiding
For the Court