418 F.3d 392
 LOMBARD CANADA, LIMITED, as Subrogee of B & D Lalonde Trucking and Hauling, Incorporated, a foreign corporation, Plaintiff-Appellee,
v.
Mark E. JOHNSON, d/b/a C & L Escort Services, Defendant-Appellant, and
Wakley Escort Service, Incorporated; Shuman Flag Car Services; Mary Fiorello, Defendants.
 No. 03-1056.
 United States Court of Appeals, Fourth Circuit.
 Argued December 5, 2003.
 Decided August 5, 2005.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CA-01-18-3).
 Michael Douglas Lorensen, Bowles, Rice, McDavid, Graff & Love, P.L.L.C., Martinsburg, West Virginia, for Appellant. Ronald S. Rossi, Martin & Seibert, L.C., Martinsburg, West Virginia, for Appellee.
 Before NIEMEYER and TRAXLER, Circuit Judges, and Richard D. BENNETT, United States District Judge for the District of Maryland, sitting by designation.
 Vacated and remanded with instructions by published opinion. Judge NIEMEYER wrote the opinion, in which Judge TRAXLER and Judge BENNETT joined.
 OPINION
 NIEMEYER, Circuit Judge.
 
 
 1
 Lombard Canada, Limited, as subrogee of B & D Lalonde Trucking and Hauling, Incorporated, commenced this action against Mark E. Johnson for contribution with respect to a $210,000 settlement that Lombard Canada entered into with the State of West Virginia.
 
 
 2
 In March 1999, Lalonde Trucking obtained a special permit from West Virginia to haul an oversized load on roads in the State. Mark Johnson, doing business as C & L Escort Services, was hired to act as the driver of the lead vehicle for the hauling trip. The permit required that Lalonde Trucking avoid passing underneath the West Virginia Route 901 overpass on Interstate 81 near Spring Mills, West Virginia, by exiting Interstate 81 before the overpass and re-entering beyond. Both Lalonde Trucking and Johnson failed to follow the permit instructions to exit and re-enter Interstate 81, and the oversized load struck the Route 901 overpass, causing damages to the State of West Virginia in the amount of $222,486.71. Lombard Canada, as the insurer of Lalonde Trucking, settled West Virginia's claim for $210,000 and then commenced this action against Johnson for contribution. Operating under a comparative negligence system, the jury returned a verdict in favor of Lombard Canada and against Johnson in the amount of $52,500.
 
 
 3
 On appeal, Johnson contends that West Virginia does not recognize a settling joint tortfeasor's right to sue another joint tortfeasor for contribution. Finding no controlling decisions from West Virginia state courts on this question, we certified the question to the Supreme Court of Appeals of West Virginia pursuant to West Virginia Code § 51-1A-3. See Lombard Canada, Ltd. v. Johnson, 356 F.3d 507 (4th Cir.2004).
 
 
 4
 In an opinion dated May 11, 2005, the Supreme Court of Appeals of West Virginia answered the question, concluding that "Lombard Canada, as the settling party, is not permitted to assert an inchoate right of contribution against an additional tortfeasor through an independent cause of action. . . . Absent the critical procedural predicate of a lawsuit filed by the injured party, [West Virginia,] the law of this state does not veer from the common law prohibition of preferring not to aid wrongdoers." Lombard Canada, Ltd. v. Johnson, ___ S.E.2d ___, ___, 2005 WL 1124719 (W.Va.2005) (citation omitted).
 
 
 5
 Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss Lombard Canada's contribution claim.
 
 
 VACATED AND REMANDED WITH INSTRUCTIONS